Taylor, C. J.
The only question presented in this case is, Whether the defendant, who is a maternal brother of the half-blood to the plaintiffs, shall share with them in the descent of lands, of which James became seized in consequence of the death of his father. And this depends upon the true construction of the third clause of the act of 1784, regulating descents.
*104 It seems to have been the aim of the Legislature, to abolish that rule of the common law, which totally excludes the half-blood from the inheritance; and to allow them to inherit, 1st, Where there are no nearer collateral relations; 2d, Where the brother or sister of the whole blood acquires the estate by purchase.
It is true that the purview of the clause under consideration is couched in very broad and general terms, which considered by themselves, would clearly admit the half-blood in every possible case. But this construction is narrowed by the proviso, which, while it declares the intent of the Legislature, evinces the spirit in which the alteration is made in the law. The words are: “Provided always, that when “the estate shall have descended on the part of the father, “and the issue to whom such inheritance shall have "descended, shall die without issue, male or female, but “having brothers or sisters of the paternal line of the “half-blood, and brothers or sisters of the maternal line, also “of half-blood, such brothers and sisters respectively, of “the paternal line, shall inherit in the same manner as “brothers and sisters of the whole blood, until such paternal "line is exhausted of the half-blood; and the same rule of “descent and inheritance shall prevail amongst the “half-blood of the maternal line, under similar circumstances, "to the exclusion of the paternal line.” It is said, that this proviso describes a case, where there are brothers or sisters both of the paternal and maternal half-blood, and does not provide for a case, where there is but one set of half-blood. But certainly the spirit and equity of a law, which excludes the maternal half-blood in favor of the paternal, because the estate descended from the father, must, under similar circumstances, exclude the frater uterinus, in favor of the whole blood, To give the law a different construction, we must assume the principle, that the Legislature meant to place the whole blood in a more unfavorable situation than *105 the half-blood. So that if the plaintiffs in this case were of the half-blood, they would exclude the defendant by the very words of the proviso; but, being of the whole blood, the land, though descending from the part of the father, must be shared equally with the defendant. This could not have been designed by the law-makers, and therefore is a construction wholly inadmissible. We all think there must be judgment for the plaintiffs.